NEW YORK HOUSE WRECKING CO. v. JARVIS.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. CONTRACT—BREACH—EVIDENCE—VERDICT.
    Where, to support a verdict for plaintiff in any sum, the jury must
    have found that defendant contracted to deliver a certain quantity of
    lumber, and failed to do so, and the evidence was undisputed as to the
    amount of the shortage, and that the lumber was worth $18 a thousand,
    a verdict for the plaintiff for about $1.50 per thousand for the amount
    of the shortage cannot be sustained.

Appeal from City Court of New York, Trial Term.
Action by the New York House Wrecking Company against Rob-
ert M. Jarvis.   From a judgment in favor of defendant for costs of

$31.99 on a verdict in favor of plaintiff for $38.21, and from an order denying a new trial, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Kellogg, Beckwith & Emery, for appellant.

Kenneson, Crain, Emley & Rubino (Edward J. Mono, of counsel), for respondent.

SCOTT, J.   We see no theory upon which the verdict in this case can be upheld.   In order to render a verdict for the plaintiff in any sum at all, the jury must have found that the contract between the parties was that the defendant agreed to deliver to plaintiff 150,000 feet of that kind of lumber known as "beams," and that he did not deliver that amount.   It is undisputed that the shortage came to upwards of 25,000 feet.   These facts being found, as the verdict shows that they must have been, in favor of plaintiff, it was entitled to recover the fair market value of that amount which was not delivered.   The only evidence on the question of value—and it was not disputed or questioned in any way—was that the beams were worth about $18 per thousand feet.   The jury awarded about $1.50.   This award was grossly and obviously inadequate, and indicates that the result must have been arrived at without the slightest regard to the evidence as to value.

The judgment must be reversed and a new trial granted, with costs to appellant to abide the event.   All concur.